## FRANK E. TOWLES

*vs.*

## RUSSELL JENNINGS MANUFACTURING CO.

Superior Court    New Haven County    File No. 55073

MEMORANDUM FILED DECEMBER 28, 1939.

*Earley E. Caple* and *Woodruff & Klein,* of New Haven, for the Plaintiff.

*Francis J. Moran,* of New Haven, for the Defendant.

FOSTER, J.  On February 2, 1938, the plaintiff, who was a dealer in used metals and machinery, called at the factory of the defendant in the Town of Chester for the purpose of inspecting and possibly purchasing some used metals and machinery which the defendant had for sale.  This merchandise was in a yard back of the building in which the defendant had its office.  The plaintiff entered the office and was invited by an authorized agent of the defendant to step out of a rear door into the yard. Just outside the door was a platform three feet by four feet from which two steps led to the ground.  It was daylight and the weather was clear and cold.  The platform was covered with ice one-half inch or three-quarters of an inch

thick, and to the plaintiff, who examined it later, the ice looked as if it had been there for some considerable period of time. The plaintiff had never been on or near the platform before this time.

These conditions are found from the testimony of the plaintiff. The only corroboration of the condition of the step appears in the testimony of Henry Smith who drove to the factory with the plaintiff but remained in the automobile and did not see the platform or step until he drove away with the plaintiff.

The defendant offered no evidence as to the condition of the platform or step. This failure of the defendant to offer such evidence I must consider, since the agent of the defendant was an eyewitness and there is no explanation for the failure of the defendant to produce him in court. I find nothing in the evidence justifying disbelief of the description of the step or platform and the ice as given by the plaintiff.

The conclusion is irresistible that the ice had been on the step sufficiently long for the defendant to have constructive notice of the presence of the ice, and the icy, slippery condition of the step or platform.

I find that the plaintiff has proved by a fair preponderance of the evidence that the defendant did not use reasonable care to maintain such step or platform in a reasonably safe condition for the reasonable use of the plaintiff, an invitee upon the premises of the defendant, and that such condition was a proximate cause of the plaintiff's injuries.

I find that the plaintiff has proved by a fair preponderance of the evidence that he himself was not guilty of any contributory negligence that was a proximate cause of his injuries.

The plaintiff suffered a lumbar and right sacro-iliac sprain, causing much pain and a partial disability lasting from four to six months. Dr. Stewart, a witness for the plaintiff, testifies as to these injuries in much detail. It is to be noted that this witness says that the plaintiff, who weighed two hundred thirty pounds, suffered more from a back injury than a thin individual. This witness remarks: "We are always very cautious and somewhat skeptical of low back injuries. I don't know as you know it, but there is a definite entity called 'railroad spine' so many of our railroad accidents complain of it and it is very easy to complain of a wrenched back. It is a common thing so we go over those with extra caution in regard to the exact location of

complaint of pain and tenderness as to whether there is an ana-tomical place that should be sore, should be tender in the light of the history of the injury." The witness then relates in de-tail the tests to which he subjected the plaintiff.

Dr. O'Connor, a witness for the defendant, corroborates Dr. Stewart as to there being some injury to the lower back of the plaintiff and when he examined the plaintiff recommended the use of a brace for a period of months.

I find that the plaintiff exaggerated his loss of business and earning power. The plaintiff has not been called upon to pay any medical bills in so far as appears in evidence.

Judgment may be entered that the plaintiff recover of the defendant $2,500 damages.